IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA ROCHELLE COLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-cv-00173-SH |
| ) | |
| FAMILY DOLLAR STORES OF ) | |
| OKLAHOMA, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's motion to remand.[1] Defendant has utterly failed to plead diversity jurisdiction, respond to the Court's order to show cause, or respond to the motion to remand. The Court can discern no basis for subject-matter jurisdiction, and this case will be remanded.

## Background

Plaintiff Angela Rochelle Colbert ("Colbert") filed suit in Oklahoma state court on March 13, 2025, asserting a state-law claim of negligence against Defendant Family Dollar Stores of Oklahoma, LLC ("Family Dollar"). (ECF No. 1-2.) On April 14, 2025, Family Dollar removed to this court, asserting diversity of citizenship. (ECF No. 1 ¶ 6.) The notice of removal states that "Defendant is a corporation with its principal place of business in Chesapeake, Virginia" (*id.* ¶ 5), but Family Dollar's stated name and the documentation attached to the notice (ECF No. 1-4) indicate that it is not a corporation but a limited liability company. The notice did not provide the citizenship of Family Dollar's members. Also on April 14th, Family Dollar filed a disclosure statement, asserting it was both an individual and a corporation. (ECF No. 2.)

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (ECF No. 17.)

On April 15, 2025, the Court noted the discrepancies in Family Dollar's filings and ordered it to file a corrected disclosure statement by April 22, 2025. (ECF No. 6.) The order reminded Family Dollar that, for diversity purposes, a limited liability company is a citizen of every state in which a member is a citizen. (*Id.* (citing *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015)).) The April 22nd deadline passed without Family Dollar correcting its disclosure statement or otherwise providing the information necessary to determine its citizenship.

On April 23, 2025, the Court entered an order directing Family Dollar to show cause why this matter should not be remanded to the state court for lack of subject-matter jurisdiction. (ECF No. 10.) The order gave Family Dollar until May 6, 2025, to respond. (*Id.* at 2.) The May 6th deadline passed without any response from Family Dollar.

On May 6, 2025, Colbert filed a motion to remand, asserting that Family Dollar has failed to meet its burden of establishing jurisdiction. (ECF No. 15.) Pursuant to LCvR 7-1(e), Family Dollar's deadline to respond to the motion was May 27, 2025. The May 27th deadline passed without any response from Family Dollar.

## Analysis

"[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). This requirement tracks the general pleading requirement found in Fed. R. Civ. P. 8(a), and the defendant's allegations are accepted when not contested by the plaintiff or questioned by the court. *Cf. id.* (referring to the amount-in-controversy requirement). Treating the notice of removal in the same manner as a pleading, the Court considers the documents attached to the notice. *Doe v. Integris Health, Inc.*, 123 F.4th 1189, 1191 n.1 (10th Cir. 2024) ("When courts review a notice of removal for jurisdiction,

2

they may consider the complaint as well as documents attached to the notice of removal." (quoting *Bd. of Cnty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1247 n.1 (10th Cir. 2022))).

In its notice of removal, Family Dollar states that it "is a corporation with its principal place of business in Chesapeake, Virginia," citing the attached Exhibit 3. (ECF No. 1 ¶ 5.) Exhibit 3, however, is what appears to be a printout from the Virginia State Corporation Commission's website which shows an "Entity Name" of "Family Dollar Stores of Oklahoma, LLC," and an "Entity Type" of "Limited Liability Company." (ECF No. 1-4 at 1.) The exhibit further shows that Family Dollar was formed on January 27, 2016, and that its status is still active. (*Id.*) As such, it appears that Family Dollar is a limited liability company, making its principal place of business irrelevant to the jurisdictional inquiry. Instead, Family Dollar's citizenship is determined by the citizenship of its members. *See Siloam Springs Hotel*, 781 F.3d at 1237–38. The notice of removal does not contain a plausible allegation of diversity of citizenship. *Cf. Dart*, 574 U.S. at 554 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). It is due to this discrepancy that the Court questioned the basis of jurisdiction.

Once such a question is raised, "the 'party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.'" *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (unpublished)[2] (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)); *see also Suncor*, 25 F.4th at 1250 ("The Energy Companies, as the parties removing to

---

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

federal court, bear the burden of establishing jurisdiction by a preponderance of the evidence.").

It appears to be undisputed that Colbert is a citizen of Oklahoma.[3] (ECF No. 1 ¶ 4; ECF No. 9 at 1.) As for Family Dollar, the Court lacks sufficient information regarding the citizenship of its members.[4] A party may remove a case to federal court under 28 U.S.C. § 1441(a) only when it is a civil action of which the federal district court would have original jurisdiction. As relevant here, to have original jurisdiction, the action would have to be between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, there is no evidence that Family Dollar lacks Oklahoma citizenship. Family Dollar has failed to meet its burden.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Remand* (ECF No. 15) is GRANTED. This case is remanded to the District Court of Tulsa County, Oklahoma, Case No. CJ-2020-1105.

ORDERED this 30th day of May, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] Family Dollar's notice of removal merely states that Colbert is a "resident" of Oklahoma County, Oklahoma. (ECF No. 1 ¶ 4.) For an individual, citizenship is determined by domicile, not mere residence. *Siloam Springs Hotel*, 781 F.3d at 1238. However, Colbert subsequently filed a disclosure statement admitting that she is a citizen of Oklahoma. (ECF No. 9 at 1.)

[4] Family Dollar's disclosure statement states that it is a "wholly-owned subsidiary of Family Dollar Stores, Inc., a Delaware Corporation." (ECF No. 2 at 2.) It is not clear whether such an entity exists and is active under Delaware law. Even assuming it does and is the sole member of Family Dollar, Defendant has not identified the principal place of business for this corporation, despite numerous opportunities to do so. *See* 28 U.S.C. § 1332(c)(1).